PAUL F. GEERLINGS, APPELLANT, *v.* FRANK CARMEN, DIRECTOR, CLARK COUNTY JUVENILE COURT SERVICES, RESPONDENT.

No. 8660

May 25, 1976                    549 P.2d 1405

*Dean Breeze,* Las Vegas, for Appellant.

*George E. Holt,* District Attorney, and *Charles A. Paine,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, the father of three (3) minor children (age 18, 15 and 13), challenged by habeas corpus, an order of our Clark County Juvenile District Court. The order honored an *ex parte* Utah Court "order to take into custody" the three children, pursuant to an application filed by the mother of the children. An unauthenticated copy of what purports to be the Utah judgment recites the mother of the children had petitioned the Utah Court to place the children in the custody of the Division of Family Services of the State of Utah.

The sparse record in this case reflects the petition, purporting to be under the "Interstate Compact on Juveniles," was filed in the Utah Court December 5, 1975, the same date the *ex parte* order was entered. On January 27, 1976, a "Requisition For Runaway Juvenile" was purportedly signed by the Utah Court upon an "unverified" petition of Donald G. Anderson, as *guardian* of the children.

Pursuant to the *ex parte* order and the requisition from the Utah Court, the Judge of the Juvenile Court in Clark County, Nevada, on February 9, 1976, ordered the children taken into custody so they could be transported to Utah.

A petition for habeas corpus was then filed by the father and the order denying habeas recites, in part: "This Court finds that the State of Utah has executed and forwarded to Nevada documents that request the return to Utah of the above minors, further *the court finds these documents meet the requirements of NRS 214.010, Article IV*."[1] [Emphasis added.] The district

---

[1] The applicable portion of NRS 214.010, Article IV, provides the petition for requisition to return a juvenile ". . . shall be *verified* by affidavit . . . and shall be accompanied by two *certified copies of the document* or documents *on which the petitioner's entitlement to the juvenile's custody is based,* such as birth certificates, letters of guardianship, or custody decrees." [Emphasis added.]

court's order has been stayed, pending this appeal wherein the father contends we are compelled to reverse. We agree.

The requisition of the Utah Court is neither certified nor authenticated; and, the record is totally barren of any documentation which would show Donald G. Anderson may be the *guardian* of the minors. Furthermore, the Utah petition for requisition is not verified although the printed form of petition contains the following caveat: "It is essential that the above petition be 'verified by affidavit' and that certain other things be done in accordance with the provisions of Article IV . . ."

We reverse and instruct the district court to grant the petition for habeas corpus.[2]

Remittitur shall issue forthwith.

---

[2]Compare Turner v. Saka, 90 Nev. 54, 518 P.2d 608 (1974).